UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

FILED

2009 DEC 17 P 12: 24

U.S. DISTRICT COURT
EASTERN DIST. TENN.

BY_____DEPT. CLERK

WILLARD BROOKS,

    Plaintiff,

vs.

BARBEQUE INTEGRATED, INC.,

    Defendant.

_____/

CASE NO: 1:09-CV-316

Collier/Carter

## COMPLAINT

Plaintiff, Willard Brooks ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues Barbeque Integrated, Inc., for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans With Disabilities Act" or "ADA") and allege:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181 *et seq.*, (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2. Venue is proper in this Court, the Eastern District of Tennessee pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Eastern District of Tennessee.

3. Plaintiff, Willard Brooks (hereinafter referred to as "Brooks"), is a resident of the State of Alabama and is a qualified individual with a disability under the ADA. Mr. Brooks is a resident of Huntsville, Alabama and frequently travels to Chattanooga, Tennessee. Brooks suffers from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990,

1

("ADA") and all other applicable Federal statutes and regulations to the extent that he requires a wheelchair for mobility and has limited use of his upper extremities. Prior to instituting the instant action, Brooks visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject property of Defendant due to its lack of compliance with the ADA. Brooks continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, Barbeque Integrated, Inc., is a corporation registered to do business and, in fact, conducting business in the State of Tennessee. Upon information and belief, Barbeque Integrated, Inc. (hereinafter referred to as "Barbeque Integrated") is the owner, lessee and/or operator of the real property and improvements that is the subject of this action, specifically the Smokey Bones restaurant located at 2225 Gunbarrel Highway in Chattanooga Tennessee (hereinafter referred to as the "Restaurant").

5. All events giving rise to this lawsuit occurred in the Eastern District of Tennessee.

## COUNT I - VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.* Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Restaurant owned by Barbeque Integrated is a place of public accommodation in that it is a restaurant operated by a private entity that provides goods and services to the public.

8. Defendant Barbeque Integrated has discriminated and continues to discriminate

2

against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Restaurant in derogation of 42 U.S.C §12101 *et seq*.

9. Brooks has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Restaurant owned by Barbeque Integrated. Prior to the filing of this lawsuit, Brooks visited the Restaurant at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact. In addition, Brooks continues to desire and intends to visit the Restaurant, but continues to be injured in that he is unable to and continues to be discriminated against due to the barriers to access which remain at the Restaurant in violation of the ADA. Brooks has now and continues to have reasonable grounds for believing that he has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. Barbeque Integrated is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

    (i)    The accessible parking spaces are not located on the closest accessible route;
    (ii)    Accessible parking is not provided at the takeout parking area;
    (iii)    Accessible parking spaces contain severe cross slopes;
    (iv)    Van accessible parking spaces do not have adjacent access aisles of sufficient width to be van accessible;

(v) The second door leading to the restaurant is too heavy;

(vi) The mat located in the vestibule is not firmly attached to the floor;

(vii) Accessible seating is not provided throughout the restaurant, including the bar and outside dining areas;

(viii) The men's and women's toilet room entry doors are too heavy.

12. There are other current barriers to access and violations of the ADA at the Restaurant owned and operated by Barbeque Integrated that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Barbeque Integrated was required to make its Restaurant, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, Barbeque Integrated has failed to comply with this mandate.

15. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by Barbeque Integrated pursuant to 42 U.S.C. §12205.

16. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to,

and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against Barbeque Integrated, Inc. and requests the following injunctive and declaratory relief:

    A.    That the Court declare that the property owned and administered by Defendant is violative of the ADA;

    B.    That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C.    That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D.    That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

    E.    That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 11th day of December 2009.

Respectfully submitted,

By: *[signature]*
Edward I. Zwilling, Esq.
Alabama State Bar No.: ASB-1564-L54E

**OF COUNSEL:**
Schwartz Zweben, LLP
600 Vestavia Parkway, Suite 251
Birmingham, Alabama 35216
Telephone:   (205) 822-2701
Facsimile:    (205) 822-2702
Email:        ezwilling@szalaw.com